WESTERN DIS.
Sept. 1832.

MINOR'S HEIRS
vs.
HARDING.

required a specific performance.

---

### MINOR'S HEIRS vs. HARDING.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

The declaration of an administrator, that he believes an account to be just, and his promise to pay it, on its attestation by the judge, when he is in funds, do not bind the heir who accepts or inherits the estate.

Where parole evidence discloses the fact that the rate of interest in a sister state is fixed by statute, the statute itself must be produced, as the best evidence to prove the the rate of interest in such state.

This suit is instituted by the heirs and representatives of the late Stephen Minor, formerly of Natchez, against Winthrop S. Harding, as the only heir of Lyman Harding, deceased, for the recovery of one thousand and seventy-eight dollars and

eighty cents, the balance alleged to be due on an account for money loaned to L. Harding by S. Minor, about the year 1820. They both resided in Natchez, in the state of Mississippi. The defendant is a resident of the parish of St. Mary, in this state. L. Harding died soon after these loans, and in 1824, one William B. Griffith was appointed administrator of his estate, by the Orphans' Court of Mississippi. The representative of Minor's estate presented to the administrator of Harding, the account of the former against the latter, sworn to. The administrator wrote under it that "he believed it correct, and would pay it as soon as he was in funds belonging to the estate of L. Harding." The account was also presented to the Orphan's Court, examined, and allowed by the certificate of the presiding judge. In 1826, Griffith, the administrator, died. In 1827, the defendant attained the age of majority, and took possession of all his father's property, both in Mississippi and Louisiana, being the only heir. This suit was commenced in March, 1830.

The defendant pleaded a general denial. The plaintiffs exhibited proof of their account. Parole evidence was offered and excepted to, to prove the rate of interest in Mississippi. Judge Lewis deposed that it was eight per centum, and fixed by the statutes of that state. The defendant objected, requiring a certified copy of the statute itself, as the best evidence. There was judgement for the plaintiff, for one thousand and seventy-eight dollars and eighty cents, including interest at eight per centum. The defendant appealed.

*Bowen*, for plaintiffs:

1. We show by testimony in the case, that the defendant admitted the plaintiffs' account about the time he came of age, and promised to settle it after deducting one thousand dollars left him as a legacy by plaintiffs' ancestor.

2. By the pleadings, nothing is put in issue but the debt. The general issue puts in issue the merits alone, and not any collateral facts or circumstances. See 1 *L. Rep.* 282. *Ibid*, 111.

3. The general issue admits residence.   12 *Martin*, 539.

4. The admissions of the administrator, that the account was correct, and its having been audited by the proper officer, are evidence of its correctness against the defendant. 3 *L. Rep.* 274.   2 *Starkie on Ev.* 59–60.

5. The promise of the defendant, to pay the debt, binds him. It is objected, that he was a minor when he made this promise. This was an affirmative fact for him to prove, and not to be rendered barely probable; but the weight of testimony is against him.

6. The *onus probandi* is on him who pleads minority.   This doctrine has been recognised by this court.   3 *L. Rep.* 86.

7. By the common law, the governing rule in Mississippi, interest is due on all unliquidated demands, such as an account stated, &c.   1 *Selwyn, N. P.* 392.   15 *Johns.* 409.

8. As to the question of interest, the rule of evidence, that foreign laws must be proved as facts, and that the courts will not judicially take notice of them, can scarcely be applicable to a law of a sister state, of such notoriety as the rate of interest.

*Brownson*, for the defendant:

1. The approval of the account by the administrator, and his promise to pay it, does not bind the heir.   He is not authorized to contract engagements against the estate he represents except within the scope of his authority; nor can he contract any new debt nor admit the existence of old ones, unless they are supported by competent proof.   His promise may bind him personally, but not the heirs and representatives.

2. Neither the admission of the debt by the administrator, or by the defendant while a minor, is any legal evidence of that fact.   *Sirey*, 197, *word*, "*Confession*," *no.* 1.   *Poth. on Ob. vol.* 2, *no.* 803; the maxim of the civil law is, *qui non potest donare non potest confitire.*

3. It is contended the defendant has the affirmative to prove, *when* he arrived at full age. I admit it, and he has done so. But I return the argument. The plaintiffs have the affirmative to prove, *when* the promise was made; for if time is material, the plaintiff is bound to show it, in order to give effect to the promise.

4. A witness has been called to prove the rate of interest in Mississippi. This testimony is to be governed by the ordinary rules of law; one of which is, that the best evidence must be adduced. The witness states, that the rate of interest is eight per centum, and fixed by a statute of that state. This court has uniformly decided, that when it appeared that the laws of another state were written, they should be proven by authenticated copies.

*Bowen*, in reply and conclusion:

1. It is said the acknowledgement of the administrator cannot bind the heir, because he cannot contract new debts. But he can ascertain and settle existing debts of the estate; and is appointed as well to pay the debts it owes, as to collect those due to it. The positions of the opposite counsel would compel every creditor of an estate to commence suit for his debt, even when the legal representative was willing to admit it. The ruinous consequences of burthening the succession with numerous law suits and interminable costs are obvious, if the course indicated were followed out.

2. The course pursued with this debt, is the one pointed out by our *Code of Practice, art.* 985.

3. The creditor of a succession can only sue when its legal representative refuses to acknowledge his claim. *Ibid.* 984, 986.

4. The acknowledgement of the debt by the legal representative of the estate, has the same legal effects as a judgement obtained against him by a creditor. *Ibid.* 985—7.

5. Such a judgement is as binding against the heirs as if obtained against them. 3 *L. Rep.* 274.

MINOR'S HEIRS
*vs.*
HARDING.

MARTIN, J., delivered the opinion of the court.

The plaintiffs claim the amount of an account presented by them to the administrator of the estate of the defendant's ancestor, in the state of Mississippi, on which the adminis. trator wrote, he. believed it to be just and would pay it when in funds; and which was afterwards examined, allowed, and directed to be certified, by the chief justice of the Orphan's Court, as appears by a note written by him on the account. It is further shown the account was presented to the defendant, in this state, and he promised to pay it, on a deduction of one thousand dollars, left him by the plaintiffs' ancestor. There was judgement against him, and he appealed.

The declaration of an administrator, that he believes an account to be just, and his promise to pay it, on its attestation by the judge, when he is in funds, do not bind the heir who accepts or inherits the estate.

We are clearly of opinion the belief of the administrator, and his promise on the attestation of the chief justice of the Orphan's Court, do not bind the heir. The chief justice did not hear any party or witnesses, and there was no suit pending before him or his court; and the administrator, though he could pay the debts of the estate, could not create one against it.

The defendant has claimed an exemption of performing his promise, on an allegation of his minority at the time he made it. On the examination of the testimony in this respect, we concur in the opinion of the District Court, who concluded the minority was not satisfactorily proven.

Where parole evidence discloses the fact, that the rate of interest in a sister state is fixed by statute, the statute itself must be produced, as the best evidence to prove the rate of interest in such state.

His counsel has objected to the charge of interest in the account. Evidence was given of the legality of the charge in the state of Mississippi, by a witness who deposed it was allowed by a statute. This testimony was objected to, as the statute ought to have been produced. The objection ought, in our opinion, to have prevailed, and the judgement, in this respect, is erroneous, in allowing interest.

The sum of one thousand dollars was properly deducted for the legacy, and the plaintiffs are entitled to the balance of the account, after deducting the interest.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and

reversed; that the plaintiffs recover from the defendant five hundred and forty dollars, with costs of suit in the District Court, they paying costs in this.